UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00531-FDW-DCK

| | | |
|---|---|---|
| LAUREN SWARINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| PSA AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant PSA Airlines, Inc.'s Motion to Dismiss

(Swaringer v. PSA Airlines, Inc., No. 3:18-cv-00531-FDW-DCK, Doc. No. 6) (hereafter

"Swaringer II") pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Local

Rule 7.1. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice, (Swaringer II, Doc.

No. 10), informing Plaintiff of the burden she carries in responding to Defendant's Motion.

Plaintiff has responded, (Swaringer II, Doc. No. 14), Defendant has replied, (Swaringer II, Doc.

No. 17), and this motion is now ripe for review.[1] For the reasons stated below, Defendant's motion

is GRANTED.

## I. BACKGROUND

This action arises out injuries Plaintiff alleges she suffered from wearing a work uniform

distributed by Defendant to its employees in September of 2016. (Swaringer II, Doc. No. 1-1, p.

2). Specifically, Plaintiff alleges that the uniforms contained chemicals that caused Plaintiff to

---

[1] Plaintiff also filed a "Second Response to Defendants' Motion to Dismiss." (Swaringer II, Doc. No. 18). The Court construes Plaintiff's second response as a Surreply wherein Plaintiff attempts to provide further support for her argument. However, the Court declines to address arguments contained therein or documents attached thereto as Plaintiff filed her Surreply without leave of the Court, which Plaintiff is not permitted to do under this Court's Local Rule 7.1(e).

suffer from angioedema and anaphylaxis. Id. at 2-3.

On July 30, 2018, Plaintiff commenced her first action against Defendant in state court. (Swaringer v. PSA Airlines, Inc., No. 3:18-cv-00481-FDW-DCK, Doc. No. 1-1) (hereafter "Swaringer I"). Defendant removed that action to federal court on August 20, 2018. (Swaringer I, Doc. No. 1). On September 6, 2018, Defendant moved for the Court to dismiss Plaintiff's Complaint. (Swaringer I, Doc. No. 6). Despite the Court's issuance of a Roseboro notice allowing Plaintiff additional time to respond, Plaintiff failed to timely respond or otherwise objected to the motion. See (Swaringer I, Doc. No. 10). Rather, Plaintiff initiated this matter by filing a Complaint in federal court on October 1, 2018. (Swaringer II, Doc. No. 1). On October 24, 2018, this Court issued an Order dismissing Plaintiff's Complaint in Swaringer I. (Swaringer I, Doc. No. 10). Defendant now moves this Court to dismiss this current action under Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. (Swaringer II, Doc. No. 6).

## II. STANDARD OF REVIEW

A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of claims where the Court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be raised at any time by a litigant or the court itself. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a

defendant challenges subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### B. Rule 12(b)(6)

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff has not stated a claim that is recognized by law. Documents attached as exhibits to the complaint or incorporated by reference in the complaint may be considered when resolving a motion pursuant to Rule 12(b)(6) without converting the motion into one for summary judgment. Zak v. Chelsea Therapeutics Intern. Ltd., 780 F.3d 597, 606 (4th Cir. 2015). An outside document may be considered for a 12(b)(6) ruling if it is integral and explicitly relied on in the complaint and there is no challenge to the document's authenticity." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." Id. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citation omitted). "Where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. On the other hand, a plaintiff's legal conclusions are not entitled to a presumption of truth. Id. at 678.

"Complaints filed by *pro se* plaintiffs are [generally] construed more liberally than those drafted by an attorney." Berry v. Gutierrez, 587 F. Supp. 2d 717, 722 (E.D. Va. 2008) (citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972)). Thus, when considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n. 5 (4th Cir.2008) (quoting Twombly, 550 U.S. at 555).

## II. ANALYSIS

Defendant first argues that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies under the North Carolina Workers' Compensation Act (NCWCA). (Swaringer II, Doc. No. 6, p. 3). The NCWCA provides the exclusive remedy for injuries suffered by employees in the course of their employment. See N.C. Gen. Stat. § 97–10.1; Sturdivant v. Dover Elevators, 2000 WL 1811610, at *1 (W.D.N.C. Aug. 1, 2000) ("North Carolina courts are generally without jurisdiction to hear employee injury claims, which instead must be heard by the North Carolina Industrial Commission.") (citing Lee v. American Enka Corp., 193 S.E. 809, 812–13 (N.C. 1937). Plaintiff, an employee of Defendant, alleges that Defendant provided uniforms to employees that contained harmful chemicals and that Plaintiff was injured as a result—that is, her injury arose during the course of her employment. Thus, it is

clear to the Court that the NCWCA provides the exclusive remedy for Plaintiff's alleged injury. See N.C. Gen. Stat. § 97–10.1; see generally Travelers Ins. Co. v. Noble Oil Servs., Inc., 42 F.3d 1386, 1994 WL 684031, at *1 (4th Cir. 1994) (unpublished table decision).

North Carolina courts, however, have recognized an exception to the exclusivity provision of the NCWCA where the employer engaged in "misconduct that is substantially certain to cause serious injury or death." Woodson v. Rowland, S.E.2d 222, 228 (N.C. 1991) ("[W]hen an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the Act."). However, "[t]his exception applies only in the most egregious cases of employer misconduct. Such circumstances exist where there is uncontroverted evidence of the employer's *intentional* misconduct and where such misconduct is substantially certain to lead to the employee's serious injury or death." Whitaker v. Town of Scotland Neck, 597 S.E.2d 665, 669 (N.C. 2003). Thus, Plaintiff must allege more than "'willful, wanton[,] and reckless negligence' to maintain a claim in tort against an employer, when the parties are subject to the Act." Blow v. DSM Pharmaceuticals, Inc., 678 S.E.2d 245, 248 (N.C. Ct. App. 2009) (citing Pendergrass v. Card Care, Inc., 424 S.E.2d 391, 395 (N.C. 1993)).

This Court finds that Plaintiff has not alleged facts in her Complaint to warrant the application of the Woodson exception. Here, Plaintiff alleges that "[Defendant] issued new uniforms in September of 2016 that contained levels of dichlorophenol, formaldehyde, tetrachlorophenol and more which resulted in my medical condition . . . ." (Swaringer II, Doc. No. 1-1, p. 3-4). However, Plaintiff has failed to allege any fact, nor incorporate any documentation

into the Complaint by reference, that would allow the Court to infer that Defendant intentionally issued work uniforms to employees knowing that it was substantially certain to cause Plaintiff serious injury or death. In the absence of factual allegations in the Complaint to warrant applying the <u>Woodson</u> exception, the exclusivity provisions of the NCWCA apply, and the Court lacks jurisdiction.[2] <u>See</u> <u>Allen v. Int'l Bus. Machines Corp.</u>, 308 F. Supp. 2d 638, 645-47 (M.D.N.C. 2004) (holding that the NCWCA exclusivity provision barred plaintiff's claim that defendant knowingly subjected plaintiff to hazardous working conductions, that is toxic mold).

Further, because Plaintiff failed to adequately plead a <u>Woodson</u> claim, the Court also grants Defendant's motion to dismiss pursuant to Rule 12(b)(6). <u>See</u> <u>Blow</u>, 424 S.E.2d at 249 ("Due to the exclusivity of the Act, in order for Plaintiff to succeed on Defendant's motion to dismiss pursuant to Rule 12(b)(1), Plaintiff must have adequately pled a <u>Woodson</u> claim pursuant to Rule 12(b)(6)."). Accordingly, the Court GRANTS Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (<u>Swaringer II</u>, Doc. No. 6) is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE to refile with sufficient facts to establish subject matter jurisdiction and state a claim upon which relief can be granted.

IT IS SO ORDERED.

Signed: February 13, 2019

Frank D. Whitney
Chief United States District Judge

---

[2] To the extent Plaintiff attempts to incorporate new factual allegations and documentation into her briefing that are not set forth in or attached to her Complaint, the Court declines to consider such allegations for purposes of Defendant's motion to dismiss. <u>See</u> <u>Zak</u>, 780 F.3d at 606-07 (A motion to dismiss considers the sufficiency of allegations set forth in the complaint and "documents attached or incorporated into the complaint.") (citations omitted).